JUSTICE WECHT, concurring I concur with the Majority that the information designated by the General Assembly as public under Section 614 of the Administrative Code of 1929, 71 P.S. § 284 (“Section 614”), is subject to the constitutional balancing test outlined by this Court in Pa. State Educ. Ass’n v. Commonwealth, Dep’t of Cmty. & Econ. Dev., 637 Pa. 337, 148 A.3d 142 (2016) (“PSEA”) before it is disclosed by the Treasurer. I write separately to reiterate my view that, in conducting that balancing test, the Treasurer should not rely upon “legislative pronouncements” as dispositive, see Maj. Op. at 1158-59, believing that the General Assembly “has in essence, already performed a balancing test for those categories.” PSEA at 156-57. As I have explained before, it is not the role of agencies or the legislature to adjudicate constitutional rights. PSEA at 160 (Wecht, J., concurring) (“While it is of course the province of the legislative branch to balance the full panoply of policy and political considerations, it is not for the legislature to adjudicate constitutional rights, nor balance those rights one against the other”). Executive branch agencies — like the Treasurer — are subject to constitutional limitations, which are expounded and interpreted by this Court. Any decision by the Treasurer following remand by this Court is reviewable by the courts of this Commonwealth. Moreover, I write separately to address the Majority’s assertion that, when the General Assembly repeals a regulation’s authorizing statute, that regulation automatically loses all force and effect. See Maj. Op. at 1156-57. Although I am inclined to agree with the logical interpretive appeal of the Majority’s position, I find it unnecessary to make such a declaration in this case. It is well settled that “[administrative regulations carry into effect the will of the General Assembly as expressed by statute.” Maj. Op. at 1156 (citing Firemen’s Relief Ass’n of Washington v. Minehart, 241 A.2d 745, 747 (Pa. 1968); Wyland v. W. Shore Sch. Dist., 52 A.3d 572, 582 (Pa. Cmwlth. 2012)). Likewise, it is well settled that “[a] regulation cannot be upheld if it is contrary to the statute under which it was promulgated.” Consulting Engineers Council of Pa. v. State Architects Licensure Bd., 560 A.2d 1375, 1376 (Pa. 1989); Commonwealth v. Harmar Coal Co., 306 A.2d 308, 319 (Pa. 1973); see also 36 Standard Pennsylvania Practice 2d Administrative Law and Practice § 166:112 (2017). However, the continued vitality of a regulation following the repeal of its authorizing statutes,[1] particularly when those authorizing statutes have been repealed and replaced by similar statutes,[2] is not before us. Consequently, we lack meaningful advocacy by the parties. In the Majority's own words, “[t]he ultimate issue presented in this appeal ... is not whether public access to the List [deemed public by Section 614] is to be provided by Regulation 7.201 or instead under the [Right to Know Law], PFUR’s advocacy in favor of the application of Regulation 7.201 does not result from its desire to access the List at the State Library, but rather from its strong motivation to obtain access to the List without any redactions.” Maj. Op. at 1157. Resolution of this case requires only the application of the constitutional balancing test. Accordingly, the Majority’s position with regard to the continued vitality of a regulation following the repeal of its authoriz-mg statute may be dictum. See Thomas Jefferson Univ. Hosps., Inc. v. Pennsylvania Dep’t of Labor & Indus., 162 A.3d 384, 394 (Pa. 2017); Commonwealth v. Jones, 929 A.2d 205, 213 (Pa. 2007). Because the administrative law issue is not essential to our resolution of this case, the effects of the Majority’s position potentially are far reaching,[3] and the parties have not provided developed advocacy on the topic, I would leave it for another day. Accordingly, I join the Majority subject to the limitations outlined herein. . The Governor's Office relied upon both Section 603 of the Administrative Code of 1929, 71 P.S. § 223 (repealed) (“Section 603”), and Section 3 of the Right to Know Law of June 21, 1957, 65 P.S. § 66.3 (repealed) ("Section 3”), as statutory authority to promulgate Regulation 7.201, 4 Pa. Code § 7.201. 6 Pa.B. 3148 (Dec. 25, 1976) ("The regulation hereby adopted is adopted pursuant to the authority contained in § 603 of The Administrative Code of 1929 ... and § 3 of the Right to Know Law of June 21, 1957.”). . As discussed at length by the Majority, although Regulation 7.20l's authorizing statutes were repealed, Section 603 was repealed and replaced by Section 614, and Section 3 was repealed and replaced by Section 66.2 of the Right to Know Act of June 29, 2002, 65 P.S. § 66.2 (repealed), which was in turn repealed and replaced by the current Right to Know Law, 65 P.S. § 67.701-705. See Maj. Op. at 1146-50; see also 1 Pa.C.S. § 1962 ("Whenever a statute is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing statute, the earlier statute shall be construed as continued in active operation. All rights and liabilities incurred under such earlier statute are preserved and may be enforced.”); RJ. Fox, Annotation, Effect of Modification or Repeal of Constitutional or Statutory Provision Adopted by Reference in Another Provision, 168 A.L.R. 627 (2011) (“Some courts have said, without qualification, that, as a general rule, the provisions of an adopted statute continue in force as they existed at the time of their adoption so far as the adopting statute is concerned, notwithstanding subsequent modification or repeal of the adopted statute.”). Accordingly, because the General Assembly repealed both statutes and replaced them with similar statutes, "the will of the General Assembly as expressed by statute” remains unclear. . As an example, if a statute is repealed and re-enacted verbatim in another section or title for purely organizational reasons, or a statute is repealed but replaced by a substantially similar statute, the Majority’s position would invalidate all regulations promulgated- pursuant to the now-repealed statute. In such a case, it would appear that the legislature intended for the statute (or at least the spirit of the statute) to remain in force. Without focused advocacy, I am unable to pronounce definitively that all of the repealed statute’s attendant regulations lose force and effect by reason of such a technical alteration alone.