J-S39023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK BANKS | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 16, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008746-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:              FILED:  November 5, 2024

Frederick Banks appeals from the judgment of sentence imposed after he pled guilty to one count of harassment.  *See* 18 Pa.C.S. § 2709(a)(3).  He alleges that defects in the charging document rendered his plea invalid and deprived the trial court of jurisdiction to accept his plea.  We affirm.

In July of 2022, Banks filed two civil complaints against "John Doe #1 & John Doe #2," identified only by their address and ethnicity.  The Commonwealth charged Banks with several crimes stemming from his conduct in this civil litigation.  On October 16, 2023, Banks entered a negotiated guilty plea to Count 6, harassment.  The Assistant District Attorney explained:

> [Banks] is going to plead guilty to Count 6 only.  All other charges would be withdrawn.  And there will be an amendment to the victim named in the first line of that count.  It would be "John Doe 1," and I would add in the language "and/or John Doe 2."

N.T., Plea, 10/16/23, at 2–3.

Banks did not object to the amendment. As amended, the criminal information stated, at Count 6:

The actor, with the intent to harass, annoy or alarm another, namely, John Doe 1 and/or John Doe 2, engaged in a course of conduct or repeatedly committed acts which served no legitimate purpose in violation of Section 2709(a)(3) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. § 2709(a)(3), as amended.

Criminal Information, 1/20/23, at 5 (underlined portion added).[1]

Banks pled guilty. The trial court sentenced him to time served. Banks did not move to withdraw his guilty plea. Banks timely appealed. Banks and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Banks presents two related issues for review:

I. The guilty plea was not knowingly, voluntarily or intelligently entered where Banks contends the harassment charge listed two names within a single count, and he did not understand which he was pleading guilty to.

II. The [trial court] did not have jurisdiction to accept a guilty plea that listed two names in a single count, where Banks argues the charge against him was duplicitous.

Banks' Brief at 5.

Banks has not preserved his first issue for appellate review. He argues that the change to the criminal information rendered his guilty plea invalid. However, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth***

---

[1] Count 7, harassment, was charged identically to Count 6, except that it named John Doe 2 as the victim instead of John Doe 1.

- 2 -

*v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)).  Failure to do so results in waiver, as it deprives the trial court of the opportunity to address the validity of the plea in the first instance.  *Id.* at 610.  Because Banks did not present this claim to the trial court before appealing, his first issue is not properly before us for review.

Banks' second issue, a challenge to the trial court's jurisdiction to accept his plea, is not subject to waiver.  *See Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007).  This Court thus considers Banks' argument that the trial court lacked jurisdiction to accept a plea to an arguably duplicitous crime.  By rule, "There shall be a separate count for each offense charged" in a criminal information.  Pa.R.Crim.P. 563(B).  However, Banks provides no authority for why a trial court would lack jurisdiction to entertain a plea to one count that charges one crime with two victims.  Our independent research has found no basis to conclude that a Rule 563(B) violation implicates the trial court's jurisdiction.  Assuming that Count 6 was duplicitous as amended, Banks has failed to persuade us that the trial court lacked jurisdiction to accept his plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/5/2024