J-S55043-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD PHILLIPS | : | |
| | : | |
| Appellant | : | No. 881 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 11, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000943-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:               FILED NOVEMBER 12, 2019

Appellant, Edward Phillips, pro se, appeals from his judgment of sentence of 30 to 60 months of confinement, which was imposed after he pleaded guilty to four counts of intentionally possessing a controlled or counterfeit substance by a person not registered and to one count each of: possession of a small amount of marijuana; persons not to possess, use, manufacture, control, sell or transfer firearms; firearms not to be carried without a license; flight to avoid apprehension, trial or punishment; and false identification to law enforcement authorities.[1]  We quash the appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (31), and 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 5126(a), and 4914(a), respectively.

Appellant pleaded guilty to the aforementioned charges on January 11, 2017, and was sentenced on January 11, 2018.[2]  On June 7, 2019, Appellant, acting pro se, filed a notice of appeal.  In the notice of appeal, Appellant stated that he was appealing "from the order entered in this matter on 11 day of January, 2017."[3]

We quash Appellant's appeal, because, under Pa.R.A.P. 903, an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."  "Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace."  Commonwealth v. Gaines, 127 A.3d 15, 17 (Pa. Super. 2015) (en banc) (citation and internal quotation marks omitted).  Appellant thus had until February 12, 2018, to file an appeal from the judgment of sentence entered January 11, 2018.[4]  As Appellant did not file his notice of appeal until

---

[2] Neither the notes of testimony from Appellant's guilty plea hearing nor those from his sentencing hearing were transcribed.

[3] Appellant's brief to this Court does not include "[t]he text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed" as required by Pa.R.A.P. 2115(a).

[4] Thirty days after January 11, 2018, was Saturday, February 10, 2018.  The next business day thereafter was Monday, February 12, 2018.  See 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

June 7, 2019, his appeal is untimely.[5]  This Court therefore is without jurisdiction to hear Appellant's appeal.[6]

Appeal quashed.

_____

[5] Assuming we were to accept the date handwritten on the notice of appeal – February 27, 2019 – instead of the date stamped on the notice of appeal by the Criminal Division of the Department of Court Records of Allegheny County – June 7, 2019 – as the date that the notice was filed for purposes of Pa.R.A.P. 903(a), Appellant's appeal would still be untimely.  See Commonwealth v. Whitehawk, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("under the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing").

[6] We note, however, that Appellant's first issue on appeal is a challenge to the trial court's subject matter jurisdiction, Appellant's Brief at 2-4, and "subject matter jurisdiction[ is] an issue not susceptible to waiver."  Commonwealth v. Jones, 929 A.2d 205, 208 (Pa. 2007); see also Commonwealth v. Fields, 197 A.3d 1217, 1226 (Pa. Super. 2018) (en banc) ("Subject matter jurisdiction is not susceptible to waiver." (citation omitted)), appeal denied, 206 A.3d 1025 (Pa. 2019).

Subject matter jurisdiction is purely a question of law.  Jones, 929 A.2d at 211.  "Our standard of review is de novo, and our scope of review is plenary."  Id. (citation omitted); see also Commonwealth v. McGarry, 172 A.3d 60, 65 (Pa. Super. 2017) ("[i]ssues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary"; "[q]uestions of law are subject to a de novo standard of review" (citation omitted)), appeal denied, 185 A.3d 966 (Pa. 2018).

> Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution.  See 18 Pa.C.S. § 102.  Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.  Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003).  Appellant was charged with violations of the Crimes Code, and, thus, the Court of Common Pleas had jurisdiction to hear his case.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/12/2019