J-S15016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DICKERSON | : | |
| | : | |
| Appellant | : | No. 2386 EDA 2023 |

Appeal from the PCRA Order Entered February 28, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001024-2021

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 11, 2024**

Appellant Anthony Dickerson appeals *pro se* from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  On appeal, Appellant claims that both his plea counsel and PCRA counsel were ineffective.  We affirm.

The record reflects the following factual and procedural history: the Commonwealth charged Appellant with robbery and criminal conspiracy to commit robbery[2] following an incident that occurred on December 6, 2020. The magisterial district court held a preliminary hearing, and Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 903, respectively.

charges were held over to the Court of Common Pleas of Delaware County. Toni L. Cavanaugh, Esq., entered an appearance representing Appellant.

This matter was scheduled for a jury trial. Prior to trial, Attorney Cavanaugh filed a petition seeking to withdraw, citing irreconcilable differences with Appellant. The trial court granted the motion and appointed Tiffany Griffin, Esq., to represent Appellant. Following multiple continuances, Appellant ultimately entered a negotiated guilty plea. Appellant pled guilty to robbery and conspiracy to commit robbery, and the trial court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment. Appellant did not file any post-sentence motions, nor did he file a direct appeal with this Court.

On June 14, 2022, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed Attorney Scott D. Galloway to represent Appellant. Attorney Galloway subsequently filed a no-merit letter and a petition to withdraw his appearance.[3] The PCRA court granted Attorney Galloway's petition to withdraw his appearance and issued a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant timely filed a response to the PCRA court's Rule 907 notice.

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court held an evidentiary hearing. On February 28, 2023,[4] the PCRA court entered an order and opinion dismissing Appellant's PCRA petition. Appellant filed a timely notice of appeal[5] and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court subsequently issued an opinion addressing Appellant's claims.

_____

[4] While the PCRA court's order and opinion dismissing Appellant's PCRA petition was dated February 27, 2023, the order and opinion were filed with the Office of Judicial Support of Delaware County on February 28, 2023. We have amended the caption accordingly.

[5] The PCRA court did not file a separate order and opinion dismissing Appellant's PCRA petition. Rather, the PCRA court's opinion contains the following language: "It is hereby **ORDERED** and **DECREED** that said petition is **DISMISSED**, as no genuine issues concerning material fact exist and [Appellant] is not entitled to post-conviction relief." PCRA Ct. Op., 2/28/23, at 1 (emphasis in original). The opinion advised Appellant of "the right to appeal the decision of the [PCRA] court. Such appeal must be in writing and be filed with the Office of Judicial Support of Delaware County within thirty (30) days after the entry of his [sic] opinion." *Id.* (some formatting altered). In a letter dated March 9, 2023, Appellant wrote to the PCRA court judge, Hon. John P. Capuzzi, "hereby put[ting] forth an appeal on the decision [the PCRA court] made [February 28, 2023], denying [Appellant's] PCRA petition." Appellant's *pro se* correspondence, 3/14/23, at 1 (unpaginated). The record reflects that Appellant sent his *pro se* correspondence to the Office of Judicial Support of Delaware County. The PCRA court took no further action.

In a *pro se* correspondence addressed to the PCRA court dated May 10, 2023, Appellant attempted to "amend matters to the appeal petition [he] filed to [the PCRA court] on [March 9, 2023]." The PCRA court subsequently ordered Appellant to file a concise statement of errors complained of on appeal. Even though Appellant's March 9, 2023 correspondence does not comply with all of the requirements of the Pennsylvania Rules of Appellate Procedure, we decline to quash Appellant's appeal and we deem Appellant's March 9, 2023 correspondence to be a timely filed notice of appeal.

Appellant raises the following issue for our review:

Whether the district court failed to prove [*prima facie*] at preliminary hearings, and whether hearsay residunm[sic] rule was violated, and whether counsel Toni Cavanaugh[, Esq.], Tiffany Griffin[, Esq.], and Scott D. Galloway, Esq. were ineffective in facilitating the matter's[sic] at hand appropriately.

Appellant's Brief at i.[6]

As noted previously, Appellant's sole claim is that his prior trial and PCRA counsel were ineffective. **See id.** at 4-8. Specifically, Appellant contends that trial counsel, Attorney Griffin, was ineffective "for failing to investigate and uphold ABA standards of investigation." **Id.** at 7. Appellant further alleges that Attorney Griffin "coerced" Appellant into entering into a plea agreement in a case that was "put forth on hearsay, thereby violating the 14th

_____

[6] In the table of contents in Appellant's *pro se* brief, he appears to identify five separate issues contained within a single issue presented. **See** Appellant's Brief at i. Further, we note that Appellant has divided his argument into two sections. **See id.** at 5-7, 7-8; **see also** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We also note that Appellant's brief fails to include a separate statement of questions involved. **See** Pa.R.A.P. 2111(a)(4); 2116(a). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because his noncompliance does not impede our review, we decline to find waiver on this basis. **See, e.g.**, **Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review); **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018) (*per curiam*) (stating that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing" (citation omitted)).

Amendment[], and Attorney [] Griffin should have known this because this evidence was in the entire preliminary hearing transcripts." *Id.* (citation omitted). Additionally, Appellant argues that his preliminary hearing counsel, counsel, Attorney Cavanaugh, was ineffective based on the acceptance of hearsay evidence at the preliminary hearing in violation of our Supreme Court's decision in *Commonwealth v. McClelland*, 233 A.3d 717, 736 (Pa. 2020) (holding that the Commonwealth may not rely exclusively on evidence not admissible at trial to meet its burden in a preliminary hearing). *Id.* at 5-6. Further, Appellant argues that Cavanaugh was ineffective for failing to seek quashal of the proceeding. *Id.* at 8. However, Attorney Cavanaugh testified at the PCRA hearing that she concluded that this claim was meritless and that quashal was not appropriate because the hearing transcript included police witness testimony and not solely hearsay evidence. We glean that Appellant appears to claim that court appointed PCRA counsel, Attorney Galloway, was ineffective for filing a *Turner*/*Finley* letter and application to withdraw as counsel on September 14, 2022, which was granted by the PCRA court on October 5, 2022. *See id.*

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the

- 5 -

evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1004 n.11 (Pa. 2022) (citation omitted).

Specifically, our Supreme Court has explained:

To be eligible for relief on [layered claims of ineffective assistance of counsel, a petitioner] must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) [subsequent] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of

- 6 -

representation, [a petitioner] must meet all three prongs of the **Pierce**[7] test for ineffectiveness. A failure to satisfy any of the three prongs of the **Pierce** test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [subsequent] counsel.

Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of [subsequent] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the **Pierce** test [*i.e.*, the reasonable basis and prejudice prongs] as applied to [subsequent] counsel.

**Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (citations omitted and formatting altered).

Finally, it is well settled that "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (citations omitted). A defendant entering a guilty plea may also later challenge the validity of the plea. **Id.**

Here, Appellant contends that Attorney Griffin coerced him into taking a plea agreement. Appellant's Brief at 6. Specifically, Appellant argues that Attorney Griffin failed to investigate, claiming that had Attorney Griffin "properly reviewed the preliminary hearing transcripts and the [surveillance] video, there would [have] been a different outcome, for Appellant had underlying claims of arguable merit." **Id.** at 7. Appellant further argues that the case against him was built upon a foundation of hearsay evidence at the preliminary hearing in violation of his Fourteenth Amendment rights. **Id.**

---

[7] **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987); **see also Sandusky**, 203 A.3d at 1043 (same).

- 7 -

Following our review of the record, we conclude that Appellant has failed to establish that his ineffectiveness claim against Attorney Griffin has arguable merit. *See Sandusky*, 203 A.3d at 1043. As noted previously, the record reflects that Appellant entered a negotiated plea agreement in which he admitted through a verbal colloquy with the trial court, and by signing the guilty plea written statement form, to the conduct alleged in the criminal complaint and the affidavit of probable cause. *See* N.T., 10/22/21, at 3-4, 8-9; *see also* Written Guilty Plea Colloquy, 10/22/21, at ¶23. Additionally, Appellant indicated during the sentencing hearing that he understood that by entering a guilty plea, he waived the right to raise and/or appeal from any pre-trial motions. *See* Written Guilty Plea Colloquy, 10/22/21, at ¶¶16-18. Finally, Appellant indicated that he fully discussed his case with Attorney Griffin, that he was "fully satisfied" with Attorney Griffin's representation up until entering the guilty plea and that he was "fully satisfied" with Attorney Griffin's representation during the guilty plea proceedings. *Id.* at ¶5. Therefore, on this record, Appellant is not entitled to relief. *See Sandusky*, 203 A.3d at 104.

Finally, to the extent Appellant claims that Attorney Cavanaugh and Attorney Griffin were ineffective because the Commonwealth improperly relied upon hearsay testimony during the preliminary hearing, those claims lack arguable merit because Appellant waived the underlying issue by pleading guilty. *See Jones*, 929 A.2d at 212 (holding that pleading guilty constitutes a waiver of all non-jurisdictional defects and defenses). Therefore, PCRA

counsel Galloway is not ineffective for failing to pursue meritless claims. Accordingly, Appellant is not entitled to relief on any of his layered claims of ineffectiveness against trial counsel or PCRA counsel. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2024