J-A16020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL O. JACKSON | : | |
| | : | |
| Appellant | : | No. 522 WDA 2023 |

Appeal from the PCRA Order Entered April 13, 2023
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001049-2018,
CP-11-CR-0001056-2018

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: July 31, 2024**

Michael O. Jackson (Appellant) appeals from the order denying his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

The facts underlying Appellant's convictions were cogently summarized at his sentencing hearing:

> On June 28th, 2018, Richland Township Police were dispatched to Walmart for a suspected retail theft.  Upon their arrival, the Richland Township Police encountered [Appellant], who fled from the police on foot[,] resulting in [Appellant] having to be tased by one of the officers.  Detectives were able to search the vehicle that was in the possession of [Appellant] and [his co-defendant, Hafiz Hasson Lowe (Lowe)], finding an amount of heroin that was indicative of possession with intent to distribute.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

N.T. (Sentencing), 8/31/20, at 9.

On October 3, 2019, at trial court docket number 1049 of 2018 (No. 1049), Appellant entered a negotiated guilty plea to one count each of possession with intent to deliver (heroin) and criminal conspiracy. *See* 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 908. At docket number 1056 of 2018 (No. 1056), Appellant entered a negotiated guilty plea to two counts of retail theft and one count of resisting arrest. *See* 18 Pa.C.S.A. §§ 3929(a)(1), 5104.

On August 31, 2020, the trial court sentenced Appellant in accordance with his plea agreement. At No. 1049, the trial court sentenced Appellant to an aggregate 30-60 months in prison, followed by a consecutive probationary term of 24 months. At No. 1056, the trial court imposed consecutive probationary terms totaling 48 months.

The PCRA court's opinion provided the procedural history relevant to this appeal:

> On October 5, 202[0], [Appellant] filed a document entitled "Motion for Modification of Sentence", which was denied by the [c]ourt on January 11, 2021[,] as being untimely.
>
> On August 29, 2022, [Appellant] filed a *pro se* PCRA petition in which he requested to have his conviction vacated due to a Superior Court decision, which vacated [Lowe's] judgment of sentence. Specifically, both [Appellant] and [Lowe], through their respective counsel, [had] filed suppression motions in regards to the search of their motor vehicle in which drugs and stolen merchandise were found. Judge Norman A. Krumenacker, III,

- 2 -

conducted a single hearing on both motions on February 25, 2019. Judge Krumenacker denied both motions.[2]

Counsel was appointed for [Appellant] and his new counsel filed an Amended PCRA petition on November 3, 2022.

PCRA Court Order, 4/1/23, at 1-2 (paragraph designations omitted; paragraph breaks modified; footnoted added).   The PCRA court denied Appellant's petition on April 13, 2023.   Appellant timely appealed.[3]   Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

We consider the following issue raised by Appellant:

Whether the PCRA court erred/abused its discretion by determining [Appellant's] *pro se* PCRA petition was untimely, [where] the newly-discovered facts exception to the time limits of the PCRA does not apply to *pro se* prisoner petitioners?

_____

[2] In **Commonwealth v. Lowe**, 260 A.3d 174 (Pa. Super. 2021) (unpublished memorandum), this Court reversed Lowe's judgment of sentence, and the order denying the suppression motion filed by Lowe and Appellant.

[3] Appellant timely filed a single, *pro se* notice of appeal on May 5, 2023.  On his notice, Appellant listed both trial court docket numbers, implicating our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket).  Here, the PCRA court's order denying Appellant's petitions listed both trial court docket numbers in the caption and did not advise Appellant of his appeal rights.  **See** Pa.R.Crim.P. 907(4) (requiring PCRA courts to advise appellants of their appeal rights).  Because the PCRA court did not advise Appellant of his appeal rights, we conclude there was a breakdown in the court's proceedings.  **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (concluding a breakdown occurs when a court misadvises appellants of their appeal rights by advising them that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers).  Accordingly, we allow Appellant's appeal to proceed.

Appellant's Brief at 4.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations and internal quotation marks omitted).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition … must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *Id.* at 17. The three exceptions to the one-year filing requirement are for after-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Our review confirms the trial court imposed Appellant's sentence on August 31, 2020. Appellant did not timely file post-sentence motions. "If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence …." Pa.R.Crim.P. 720(A)(3). Consequently, Appellant's judgment of sentence became final 30 days after the imposition of sentence: Wednesday, September 30, 2020.

Appellant's *pro se* PCRA petition, filed on August 29, 2022, is facially untimely. **See Jones**, 54 A.3d at 16. Notwithstanding, Appellant's amended petition asserted the newly-discovered fact exception to the PCRA's timeliness requirement. Amended PCRA Petition, 11/3/22, ¶¶ 15-21. To establish the newly-discovered fact exception, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. **Id.** Any PCRA petition invoking one of the timeliness exceptions must also establish that the petitioner invoked the exception within one year of the date the claim could have been first presented. **Id.** § 9545(b)(2).

Appellant claims, as a newly-discovered fact, this Court's decision in his codefendant's case: **Commonwealth v. Lowe**, 260 A.3d 174 (Pa. Super. 2021) (unpublished memorandum). Appellant asserted:

- 5 -

   a. The issues in which the [c]odefendant's judgment of sentence stemmed from the same issues and hearing involving [Appellant].

   b. [Appellant] could not have waived this issue by entering a plea, because the holding in *Lowe* had not yet occurred (if the holding in *Lowe* had occurred prior to [Appellant] entering his plea, he could have raised it on appeal and/or asked for reconsideration.

Amended PCRA Petition, 11/3/22, ¶ 21.

In *Lowe*, Lowe challenged the denial of his motion to suppress evidence seized during an unlawful search of his and his codefendant's parked sport utility vehicle (SUV). *Lowe*, 260 A.3d 174 (Pa. Super. 2021) (unpublished memorandum at 6). Lowe claimed there were no exigent circumstances supporting the warrantless search of the vehicle. *Id.* (unpublished memorandum at 9). While Lowe's appeal was pending, our Supreme Court filed its decision in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa.. 2020).

In *Alexander*, our Supreme Court overruled established precedent and held that Article I, Section 8 of the Pennsylvania Constitution requires *both* a showing of probable cause *and* exigent circumstances to justify a warrantless search of an automobile. *Id.* at 181. Because *Alexander* announced a new criminal rule while Lowe's direct appeal was pending, this Court concluded Lowe "is entitled to the benefit of that decision." *Lowe*, 260 A.3d 174 (unpublished memorandum at 8-9). We remanded for further proceedings because "further development of the record is necessary to determine whether

[Lowe] is entitled to suppression under **Alexander**." **Id.** (unpublished memorandum at 9).

However, the newly-discovered fact exception "applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and **judicial determinations are not facts**." **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (emphasis added). Appellant attempts to distinguish **Watts** by arguing, "the newly discovered information is an expanded constitutional right announced in **Alexander**" and discovered through his review of Lowe's proceedings. Appellant's Brief at 14. Appellant argues it would be inequitable to deny him the benefit of this newly expanded constitutional right. **Id.** at 14-15. Even if Appellant had preserved his claim of a newly recognized constitutional right, he would not prevail.

With respect to the timeliness exception set forth in Section 9545(b)(1)(iii) of the PCRA, our Supreme Court has held the provision has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.** The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

- 7 -

*Commonwealth v. Taylor*, 283 A.3d 178, 187 (Pa. 2022) (emphasis added; citation omitted).

> The plain language [of Section 9545(b)(1)(iii)] makes clear that, when dealing with an otherwise untimely PCRA petition, our collateral review courts are only "open" to a claim that a new constitutional right applies when the right "has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). In other words, because the "has been held" language "means that the ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review[,]" [*Commonwealth v.*] *Abdul-Salaam*, 812 A.2d [497,] 501 [(Pa. 2002)], our state collateral courts are, in fact, **not** "open" to a claim that a new constitutional right applies, unless the right has already been held to apply retroactively.

*Commonwealth v. Reid*, 235 A.3d 1124 1160-61 (Pa. 2020) (emphasis in original).

Our review discloses Appellant failed to plead and prove that the *Alexander* decision has been held to apply retroactively. Appellant cites no precedent supporting that contention, and our review of the applicable case law has uncovered no holdings to that effect. As such, Appellant's claim of a newly recognized constitutional right fails.[4]

---

[4] We additionally observe that a guilty plea "constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (citation omitted). By pleading guilty, Appellant waived his challenge to the suppression court's ruling. *See id.*

Appellant next argues that he timely raised his *Alexander* issue, based on his difficulties in accessing the prison's law library. Appellant's Brief at 13. Because we conclude Appellant failed to establish *Alexander* applies retroactively, this issue is moot. Accordingly, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2024