J-A28044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN CORTEAL | |
| Appellant | No. 1242 EDA 2014 |

Appeal from the Judgment Entered March 25, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 12-06384

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 03, 2014**

Steven Corteal files this appeal from an order granting summary judgment to U.S. Bank National Association ("Bank") in this mortgage foreclosure action.  Corteal argues that the trial court erred in granting summary judgment because the verification to the Bank's complaint was defective.  We affirm.

The record reveals that on July 17, 2007, Corteal made, executed, and delivered a mortgage on the property at 358 Yost Avenue, Spring City, PA 19475-1738, to Mortgage Electronic Registration Systems, Incorporated ("MERS") as a nominee for First Franklin Financial Corp.  The Mortgage was

recorded on July 19, 2007 with the Chester County Recorder of Deeds and assigned to U.S. Bank on October 24, 2011. On June 21, 2012, due to Corteal's default under the terms of the mortgage by failing to make payments due June 1, 2011 and each month thereafter, U.S. Bank filed this action in mortgage foreclosure. The assistant vice-president of Bank of America, N.A., the servicing agent of U.S. Bank, signed the verification to the complaint.

Without first filing preliminary objections, Corteal filed a timely answer to the complaint with new matter. Corteal did not object to the verification in his answer or new matter. Moreover, he admitted in paragraph 5 of his answer that the mortgage was in default. He never moved to amend his answer or new matter.

On January 23, 2014, U.S. Bank filed a motion for summary judgment. Corteal filed a response to the motion for summary judgment in which he raised, for the first time, an objection to the verification. Specifically, he argued that U.S. Bank's verification was improper because the signator was an employee of Bank of America, N.A., a non-party to this action.

On March 25, 2014, the trial court granted U.S. Bank's motion for summary judgment. On April 17, 2014, Corteal filed a timely appeal to this Court. On May 1, 2014, the court directed Corteal to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. On May 22, 2014,

Corteal filed a timely Pa.R.A.P. 1925(b) statement. On May 27, 2014, the court filed its Pa.R.A.P. 1925(a) opinion.

Corteal raises two issues in this appeal:

1. Did the lower court commit an error of law when it granted Appellee U.S. Bank's Motion for Summary Judgment despite the fact that Appellee's Verification to its Complaint failed to comply with the Pennsylvania Rules of Civil Procedure?

2. Did the lower court commit an error of law when it granted Appellee U.S. Bank's Motion for Summary Judgment despite the fact that Appellee's defective Verification deprived the court of subject matter jurisdiction?

Paraphrased for the sake of simplicity, the issues raised by Corteal are as follows:

1. The trial court erroneously granted summary judgment to U.S. Bank, because the verification to its complaint was signed by a non-party in violation of Pa.R.Civ.P. 1024.

2. The trial court lacked subject matter jurisdiction over this action due to the improper verification.

Corteal waived his first argument, a challenge to the validity of the verification, by failing to file preliminary objections to the complaint. Preliminary objections are the vehicle through which parties object to technical defects in an opponent's pleadings. Pa.R.Civ.P. 1028(a)(2) (party may file preliminary objections to "failure of a pleading to conform to law or rule of court"). The failure to file preliminary objections to defects in the

form of a complaint constitutes an irrevocable waiver.  Pa.R.Civ.P. 1032(a) (except in circumstances not relevant here, "a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply"); ***Bartanus v. Lis***, 480 A.2d 1178, 1182 (Pa.Super.1984) (defendants waived claim that plaintiff failed to properly divide complaint into separate counts for each cause of action asserted, where defendants did not challenge form of complaint in their preliminary objections).

Pennsylvania Rule of Civil Procedure 1024 provides detailed instructions concerning the form of verifications.[1]  The proper procedure for

_____

[1] Pa.R.Civ.P. 1024 provides:

> **(a)** Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.
> **(b)** If a pleading contains averments which are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true.
> **(c)** The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the

*(Footnote Continued Next Page)*

objecting to defects in the verification to the complaint was filing preliminary objections that alleged U.S. Bank's failure to conform to Rule 1024. Instead of filing preliminary objections, Corteal elected to file an answer to the complaint with new matter. Consequently, he has waived his objection to the verification. Pa.R.Civ.P. 1032; **Bartanus**, **supra**.

Even if Corteal preserved his objection to the verification, it would not have entitled him to relief. The Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action. . .*may disregard any error or defect of procedure which does not affect the substantial rights of the parties*." Pa.R.Civ.P. 126 (emphasis added). Although the verification to U.S. Bank's complaint might be technically incorrect,[2] this did not affect Corteal's substantive rights, since he admits in his answer that the mortgage is in default.

*(Footnote Continued)* ————————————

> verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

[2] The verification might violate Rule 1024(c) because it is signed by an employee of U.S. Bank's agent, Bank of America, N.A., instead of by an employee of U.S. Bank itself. In such circumstances, the verification should explain why a U.S. Bank employee did not sign the verification. **Id**. This verification fails to provide any such explanation.

Corteal's second argument on appeal -- the improper verification deprived the trial court of subject matter jurisdiction -- is devoid of merit. Although Corteal did not raise this issue in his answer or new matter, we examine this issue on the merits because challenges to subject matter jurisdiction are never waived. ***Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa.2007). On the merits, Corteal's argument fails, since defects in a verification do not raise a question of jurisdiction. ***Monroe Contract Corp. v. Harrison Square, Inc.***, 405 A.2d 954, 959 n. 5 (Pa.1979) (a verification is "necessary to the protection of the party, not to the jurisdiction of the court").

For these reasons, we affirm the trial court's order granting summary judgment to U.S. Bank.

Judgment affirmed.

Judge Wecht files a Concurring Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/3/2014</u>

- 6 -