J-S15022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTOR KEENAN LEMMONS, JR. | : | |
| | : | |
| Appellant | : | No. 1129 WDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001585-2018,
CP-25-CR-0001586-2018

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY MURRAY, J.: **FILED: July 1, 2021**

Victor Keenan Lemmons, Jr. (Appellant) appeals *pro se* from the order denying his motion for return of property. Upon review, we quash.

On February 24, 2018, Pennsylvania State Police executed a search warrant on a rental vehicle and recovered five fraudulent checks, four mobile phones, a .45 caliber handgun, ammunition, a bag of marijuana with rolling papers, and cash. As a result, on July 26, 2018, the Commonwealth charged Appellant with multiple offenses including theft by deception, forgery, possession of marijuana and passing bad checks. On December 5, 2019, however, the court granted the Commonwealth's request to *nolle pros* the charges because the United States had indicted Appellant for offenses based on the same alleged criminal acts, and the United States Attorney's Office had

---

[*] Retired Senior Judge assigned to the Superior Court.

assumed prosecution of the alleged crimes. *See United States v. Lemmons, et al,* No. 1:19-cr-25.

Nonetheless, approximately nine months later, on September 23, 2020, Appellant filed a *pro se* motion for return of property, requesting a forfeiture hearing pursuant to Pa.R.Crim.P. 588, relative to $4,235.00 of United States currency and other seized items Appellant sought to recover. On October 7, 2020, the court denied Appellant's motion "on the basis the matters were now pending in Federal District Court and [the court] lacked jurisdiction." Trial Court Opinion, 10/26/20, at 2.

Appellant filed a timely appeal. Without ordering a Pa.R.A.P. 1925(b) statement, the court issued an opinion advocating quashal based on the *nolle pros* of Appellant's charges and lack of jurisdiction. *See* Opinion, 10/26/20, at 1-2.

The question of subject matter jurisdiction "is purely one of law" therefore, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). Upon review, we agree with quashal. The record reflects, and Appellant concedes, that the court lacks jurisdiction. *See* Appellant's Brief at 1 (unnumbered) ("[T]he United States Government took jurisdiction in October 2019."). Accordingly, we quash the appeal.[1]

_____

[1] We could also quash on the basis of Appellant's one-page defective brief, which fails to comply with the Rules of Appellate Procedure, and most

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2021

---

significantly fails to cite legal authority and make a legal argument. ***See
Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005)
(citations omitted); ***accord*** Pa.R.A.P. 2101; ***see also*** Pa.R.A.P. 2111(a)
(setting forth the required contents of appellate briefs).