J-A06030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARHEA B. BENDER-MATHIS | : | |
| | : | |
| Appellant | : | No. 971 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 21, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-SA-0000065-2025

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  March 26, 2026**

Sharhea B. Bender-Mathis (Appellant) appeals, *pro se*, from the judgment of sentence, imposing fines and costs in the amount of approximately $650, following her conviction of three summary traffic infractions: driving while operating privilege is suspended or revoked, operating a vehicle without valid inspection, and driving an unregistered vehicle.[1]  Appellant claims the trial court lacked subject matter jurisdiction to proceed in this matter and, therefore, her convictions are void and must be vacated.  We affirm.

The trial court summarized the history underlying this appeal as follows:

On Monday, February 10, 2025, at approximately 10:16 [a.m.],
City of Erie Police patrolman Aaron Hill [(Officer Hill)] conducted
a traffic stop [of] a 2024 Buick Station Wagon, after noticing the

---

[1] 75 Pa.C.S.A. §§ 1543(a), 4703(a), 1301(a).

J-A06030-26

lack of a valid inspection sticker, near the 900 block of Tacoma Road, [in the] City of Erie…. [] Appellant, … the driver, was identified through the PennDOT-NCIC computer system. She was cited [with the above-mentioned traffic offenses.] Officer Hill thoroughly explained the tickets to [] Appellant and explained to her how to respond. [] Appellant was handed the citations, but [she] refused to sign or acknowledge them.

[] Appellant failed to respond to the citations or enter pleas to the same. A summary trial was scheduled before Magisterial District Judge Suzanne C. Mack for Wednesday, April 2, 2025…. Despite summary trial notices being sent to [] Appellant, she chose to fail to appear for the [April 2, 2025,] hearing. Guilty pleas were recorded[, *in absentia*,] pursuant to [Pa.R.Crim.P.] 403(B)(5)[,[2]] and [] Appellant [was sentenced to pay] fines and costs of $123.94 for the inspection violation; $173.25 for the registration violation; and $348.75 for the suspended license violation. [] Appellant failed to pay the fines and costs within 15

---

[2] Rule 403 governs the contents of a citation and, in subsection (B), provides that the copy of the citation delivered to the defendant must contain a notice advising the defendant of their obligation to respond within 10 days after issuance of the citation. Pa.R.Crim.P. 403(B)(2). Rule 403(B) further mandates that the notice advise the defendant:

**(4)** that the failure to respond to the citation … within the time specified:

**(a)** shall result in the issuance of a summons when a violation of an ordinance or any parking offense is charged, or when the defendant is under 18 years of age, and in all other cases shall result in the issuance of a warrant for the arrest of the defendant; and

**(b)** shall result in the suspension of the defendant's driver's license when a violation of the Vehicle Code is charged;

**(5)** that **failure to indicate a plea** when forwarding an amount equal to the fine and costs specified on the citation **shall result in a guilty plea being recorded**[.]

Pa.R.Crim.P. 403(B)(4)-(5) (emphasis added). Instantly, the written citation that Officer Hill provided to Appellant complies with Rule 403.

- 2 -

days of being notified of the same; then[,] requests for suspension of [Appellant's] driving privilege for failure to pay were forwarded to PennDOT.

On May 2, 2025, [] Appellant filed a notice of appeal from summary conviction for all three convictions[. *See* Pa.R.Crim.P. 462(A). Appellant] was granted *in forma pauperis* status.

Trial Court Opinion, 9/18/25, at 1-2 (footnotes in original omitted; one footnote added; some capitalization modified).

The trial court conducted a *de novo* trial on July 21, 2025. Appellant appeared *pro se*. Officer Hill briefly testified as the sole witness. *See* N.T., 7/21/25, at 3-6, 11. Following Officer Hill's testimony, Appellant argued as follows:

Your Honor, I move to dismiss this case for lack of jurisdiction[3] and due process violations.

* * *

On February 10th, 2025, I was issued a traffic citation but I respectfully refused to sign it. That refusal lawfully triggered the requirement under Pennsylvania Rule of Criminal Procedure 511,[4] which mandates that the court issue a summons if the [d]efendant does not sign the citation. I … was never issued a summons. How can I respond to anything if I wasn't issued a summons?

*Id.* at 7-8 (footnotes added; paragraph breaks modified). Appellant asserted that "without lawful service, the court never obtained jurisdiction over me.

---

[3] Appellant asserted that she was "here forced against my will" and "appearing [] under protest." N.T., 7/21/25, at 9, 10.

[4] Rule 511, discussed *infra*, governs the service of summons and proof of service in court cases, as opposed to summary proceedings. *See generally* Pa.R.Crim.P. 511.

Any proceedings that took place [are] without legal authority[.]" ***Id.*** at 9 (some capitalization modified). Appellant also complained that the trial court's "docket falsely claimed I entered a plea" of not guilty, when, in fact, she made no response whatsoever. ***Id.*** at 8.

The trial court rejected Appellant's challenge to its jurisdiction, stating, "[This case involves] a traffic offense. It's a summary here and this doesn't fall under the Rules of Criminal Procedure. This is a traffic matter…." ***Id.*** at 12; ***see also id.*** (trial court stating to Appellant, "what you're presenting to me is frivolous."). The court additionally considered the following testimony from Officer Hill regarding the notice he issued to Appellant: "[Appellant] was show[n] exactly[,] by pointing at where she had to respond, how many … days she had to respond, which is her legal notice to respond to a ticket." ***Id.*** at 11.

At the conclusion of the *de novo* trial, the trial court denied Appellant's summary appeal, found her guilty of all counts, and reimposed the same above-mentioned fines and court costs. ***Id.*** at 13.

Appellant timely filed a *pro se* notice of appeal on August 4, 2025. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents four issues for our review:

1. Whether the trial court erred as a matter of law by holding that no summons was required after Appellant refused to sign the citation, contrary to Pa.R.Crim.P. 406, 510, and 511, and by proceeding without lawful service.

2. Whether Appellant's due process rights under the Fifth and Fourteenth Amendments were violated when the trial court conducted proceedings and entered judgment without proper summons or notice, and refused to prove jurisdiction when directly asked on the record.

3. Whether fraud upon the court occurred when the Magisterial District Judge's docket falsely recorded a "not guilty" plea that Appellant never entered, allowing the case to proceed without the summons required by law.

4. Whether the trial court abused its discretion and violated Judicial Conduct Rules 2.3 and 2.4 by using irrelevant and prejudicial name-calling ("truculent," "pugnacious") toward a *pro se* litigant instead of addressing the legal issues of jurisdiction and due process.

Appellant's Brief at 3.[5]  As each of Appellant's issues is related and alleges the absence of subject matter jurisdiction, we address them together.

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court

> is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact.  The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.  An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

***Commonwealth v. Rivera***, 348 A.3d 1142, 1145 (Pa. Super. 2025) (citation omitted).

---

[5] The Commonwealth did not file an appellate brief or any response.

A challenge to a trial court's subject matter jurisdiction presents a question of law for which our standard of review is *de novo*. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007). The scope of our review is plenary. ***Commonwealth v. Maldonado-Vallespil***, 225 A.3d 159, 161 (Pa. Super. 2019).

As this Court has stated,

[s]ubject matter jurisdiction relates to the competency of the individual court to determine controversies of the general class to which a particular case belongs. The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved. Moreover, it is well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void.

***Id.*** (internal citations, ellipses, and quotation marks omitted); ***see also Commonwealth v. Serrano***, 61 A.3d 279, 287 (Pa. Super. 2013) ("The law is clear that a court is without jurisdiction to convict a defendant of a crime for which [she] was not charged …." (citation and ellipses omitted)).

Our Supreme Court has stated that there are

two requirements for subject matter jurisdiction as it relates to criminal defendants: the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged in compliance with the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution.

***Jones***, 929 A.2d at 210.

Pennsylvania Rule of Criminal Procedure 400 provides that criminal proceedings in summary cases shall be instituted either by "(1) **issuing a citation to the defendant**; or (2) filing a citation; or (3) filing a complaint; or (4) arresting without a warrant when arrest is specifically authorized by law." Pa.R.Crim.P. 400 (emphasis added, format modified). Regarding the issuance of a citation to the defendant, Rule 405 provides,

> (1) the law enforcement officer who issues the citation shall exhibit an official sign of the officer's authority; and
>
> (2) the law enforcement officer contemporaneously shall give the defendant a paper copy of the citation containing all the information required by Rule 403.

Pa.R.Crim.P. 405; *see also Commonwealth v. Lockridge*, 810 A.2d 1191, 1195 (Pa. 2002) (stating that the procedures to be used in summary cases "are designed to favor the least intrusive means of commencing a summary proceeding, and contemplate that summary cases will be instituted, not by arrest, but by the handing of a citation to a defendant at the time the offense is allegedly committed.").

Here, Appellant argues in her first issue that

> [b]ecause the Commonwealth never issued or served a summons as required by [Pa.R.Crim.P.] 406, 510, and 511, the [trial] court never acquired jurisdiction. All proceedings were void *ab initio*, and the judgment [of sentence] must be vacated.

Appellant's Brief at 7. According to Appellant,

> [a] citation handed to a defendant who refuses to sign is not lawful service; it is only a notice of alleged violation. The law requires that a summons follow to establish jurisdiction. Because that step never occurred, the lower court acted without authority.

- 7 -

*Id.* at 6-7.

In her second issue, Appellant recasts the same argument set forth above in the context of a procedural due-process challenge. *See id.* at 7-9.

In her third issue, Appellant contends the Magisterial District Judge perpetuated a fraud upon the court when she "falsely recorded that the court 'received a plea of not guilty' from the Appellant. The Appellant never entered any plea[.]" *Id.* at 9. Appellant argues that "[t]he fabricated 'not guilty' plea functioned as a substitute for proper notice and service, allowing the court to move forward as if jurisdiction had been lawfully established." *Id.* at 10.

In her fourth issue, Appellant claims the trial court abused its discretion, and exhibited bias and hostility against Appellant, when the court, in its "1925(a) opinion[,] used personal insults, calling Appellant 'truculent' and 'pugnacious.'"[6] *Id.* at 11. Citing to Rules of the Code of Judicial Conduct, Appellant argues that "[a] judge is required to remain impartial and avoid conduct that could be perceived as biased or prejudicial." *Id.* at 12 (citing Pa. Code Judicial Conduct, Rules 2.3 and 2.4).

---

[6] As observed by the trial court in its opinion, Appellant asserted in her Rule 1925(b) concise statement that the court erred in proceeding with the *de novo* trial, over Appellant's due process/jurisdictional objection, "[w]hen specifically asked on the record to prove due process and jurisdiction before continuing…." Trial Court Opinion, 9/18/25, at 4; Concise Statement, 9/15/25, ¶ 5. The trial court rejected this claim and stated, "[d]ue process and jurisdiction were established and this court need not suffer cross[-]examination from a truculent, pugnacious Appellant." Trial Court Opinion, 9/18/25, at 4.

Initially, we address the Rules of Criminal Procedure upon which Appellant relies. Rule 406 provides that "[w]ithin 5 days after a citation is issued to the defendant, the citation shall be filed with the proper issuing authority." Pa.R.Crim.P. 406.[7] Rule 510 governs the contents of a summons filed **in a "court case**[.]**"** Pa.R.Crim.P. 510(A) (emphasis added); ***see also*** Pa.R.Crim.P. 103 (defining "court case" as " a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree."). Rule 511 governs service of a summons in court cases. ***See generally*** Pa.R.Crim.P. 511.

It is established that "summary cases are not 'court cases'" within the meaning of the Pennsylvania Rules of Criminal Procedure. ***Lutes***, 793 A.2d at 960. Accordingly, Rules 510 and 511 do not apply to summary proceedings. ***See Commonwealth v. Moffitt***, 305 A.3d 1095, 1104 (Pa. Super. 2023) ("Chapter 5 prescribes the procedures for court cases."). Additionally, Appellant misquotes the language of Rule 406, which is unavailing to her jurisdictional challenge.

_____

[7] In her appellate brief, Appellant misquotes Rule 406. ***See*** Appellant's Brief at 5 (maintaining that "Rule 406(A) of the Pennsylvania Rules of Criminal Procedure states, 'When a citation has not been issued or accepted by the defendant, the case shall proceed as though a summons had been issued.'"). However, none of the language Appellant cites appears in Rule 406, or its comments, nor does Rule 406 contain a subsection "(A)." ***See*** Pa.R.Crim.P. 406.

Contrary to Appellant's claim, where, as here, a citation for a summary offense is issued to the defendant, there is no requirement that a summons be issued. ***See generally*** Pa.R.Crim.P. 405-407. ***Cf.*** Pa.R.Crim.P. 411(A) (providing that where the citation is **filed**, as opposed to being given directly to the defendant, "the issuing authority shall issue a summons commanding the defendant to respond within 10 days of receipt of the summons, unless the issuing authority has reasonable grounds to believe that the defendant will not obey a summons in which case an arrest warrant shall be issued.").

Moreover, in its Rule 1925 opinion, the trial court concisely reasoned as follows in rejecting Appellant's remaining claims:

> Lawful service was provided to the Appellant with the service of[,] and her acceptance of[,] three citations. Her refusal to sign the citations did not absolve her of her legal responsibilities. Combining that with [Appellant's] failure to attend the hearing at the magisterial level; and her notice, appearance and "not guilty" pleas at the *de novo* hearing, quashes any due process argument. Further, [the trial] court had jurisdiction over the matter pursuant to … Chapter 4 [of the Pennsylvania Rules of Criminal Procedure, governing] procedures in summary cases.
>
> * * *
>
> There was no fraud on the court nor a violation of the Appellant's constitutional rights, when Rule [of Criminal Procedure] 403(B)(5) specifically states "that failure to indicate a plea … shall result in a guilty plea being recorded." [Pa.R.Crim.P. 403(B)(5).] Further, the Appellant appealed the guilty finding and was permitted to plead "not guilty," as she did, at the *de novo* hearing before this court.
>
> * * *
>
> When one is pulled over for a traffic violation, that person has the option of refusing to sign a ticket handed to them by law

enforcement. It is a choice that comes with consequences, however, including potential arrest and a criminal charge. Signing the ticket is the most straightforward and legally prudent course of action, as it allows one to address the violation through appropriate legal channels. If one believes a ticket is unjust, it can be contested in court. Refusing to sign a citation does not absolve one of legal responsibilities. That defendant is still required to address the alleged traffic violation.

Trial Court Opinion, 9/18/25, at 3, 4. Our review confirms the trial court's findings are supported by the record and its legal conclusion is sound.

Based upon the foregoing, we conclude Appellant's challenge to the trial court's subject matter jurisdiction is frivolous, and her convictions are valid. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/26/2026