J-S10015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN DAVID CARBAUGH | : | |
| | : | |
| Appellant | : | No. 1026 MDA 2025 |
| | : | |

Appeal from the PCRA Order Entered July 1, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001484-2017

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                           **FILED: MAY 5, 2026**

Shawn David Carbaugh ("Appellant") appeals from the order denying of his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  He challenges the court's determination that he failed to prove the newly discovered fact exception to the PCRA's one-year time bar. After careful consideration, we affirm.

In December 2018, a jury convicted Appellant of numerous sexual offenses he committed against his minor daughter.  On February 1, 2019, the court imposed sentence.  On January 28, 2020, this Court affirmed on appeal. ***Commonwealth v. Carbaugh***, 2020 WL 433533 (Pa. Super. filed Jan. 28, 2020) (non-precedential).

On August 23, 2024, Appellant *pro se* filed a PCRA petition stating that he learned from his brother that the Victim's mother had coached the Victim

to lie. The court appointed counsel who filed an amended petition asserting that Appellant learned from his brother in 2024 that there were two people who knew that the Victim had recanted her trial testimony. First, the ex-boyfriend of the Victim's mother, Christopher Middlekauff, who heard the Victim say that her mother had coached her and that she had lied about the assaults ("Purported Recantation Information"). Second, Hannah Hardy, the Victim's babysitter following Appellant's trial, who heard the Victim say her mother had coached her to lie.

On May 30, 2025, the PCRA court held a hearing limited to the timeliness of the petition. Hannah Hardy, Christopher Middlekauff, and Appellant testified. Hannah Hardy testified that the Victim relayed the Purported Recantation Information to her in 2019 while she was babysitting the Victim and her siblings. She testified that she did not know whom to reach out to with the information until Appellant's brother reached out to her in 2024 via social media. Ms. Hardy also testified that her friendship with the Victim's mother ended sometime in 2020.

Mr. Middlekauff testified that he was the boyfriend of the Victim's mother from 2018 to 2020 and that he had lived with the Victim's mother off and on until their relationship ended in 2020. Mr. Middlekauff testified that the Victim expressed the Purported Recantation Information to him in 2019. He testified that he relayed this information to "multiple people," including Appellant's trial counsel, Shawn Stottlemyer, Esq., through phone messages in 2019 or 2020, but did not hear back from him. N.T. PCRA Hr'g at 27. He further testified

- 2 -

that Appellant's brother contacted him in May 2024 because "he had gotten into an accident and had some money. He wanted to hire an attorney to try and help Shawn. He understood that I knew – had this information that I was, you know, telling anyone that would listen to, you know, this man is not guilty." *Id.* at 28. He also admitted that he pled *nolo contendre* to simple assault of the Victim's mother in 2019 and that she had obtained an order for Protection From Abuse against him.

Appellant testified that he had no contact with Ms. Hardy or Mr. Middlekauff and claimed that he did not learn of the Purported Recantation Information until his brother told him in May 2024. He admitted that he did not know precisely the content of Ms. Hardy's and Mr. Middlekauff's statements, but filed his petition within 2 months of learning from his brother of the existence of this Purported Recantation Information. Appellant's brother did not testify. Following the close of Appellant's evidence, the Commonwealth moved to dismiss the petition, which the PCRA court denied.

The Commonwealth then presented the testimony of Attorney Stottlemyer regarding communications he received after trial. He testified that Appellant's mother, Connie Wright, had left a message with his paralegal that she wanted to discuss the Victim's recanting or changing her trial testimony. In response, Attorney Stottlemyer scheduled a telephone meeting with Ms. Wright; however, she failed to answer his call, and her voicemail box was not taking messages. With respect to information relayed to him from Mr. Middlekauff, Attorney Stottlemyer testified that he did not file a PCRA

petition because he did not have reliable evidence that the Victim had recanted.

We note that Appellant did not call the Victim to testify.

The PCRA court took the matter under advisement, and on July 1, 2025, the court issued an order and opinion dismissing the petition after concluding the claim failed to satisfy the newly discovered fact exception to the PCRA's one-year time bar. Specifically, the court found that the "alleged statements of the Victim recanting her trial testimony, being coerced, etc., do not constitute a newly discovered fact." Op., 7/1/25, at 11. The court also concluded that Appellant had not exercised due diligence in uncovering these witnesses or the Victim's alleged recantation. *Id*.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following question for our review:

> Did the PCRA Court err in denying Appellant's PCRA Petition where it found it did not meet the exception to the one-year time bar under 42 Pa.C.S. §9545(b)(1)(ii), in that it found the facts presented were known to Appellant, and if they were unknown, Appellant failed to exercise due diligence in discovering them?

Appellant's Br. at 7.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Review of a court's jurisdiction determination presents a question of law,

which we review *de novo* under a plenary scope of review. ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019); ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007).

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction and cannot address substantive claims. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of [the] time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed over 4½ years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

Appellant relies on the newly discovered fact exception.  To establish this exception, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007).  "[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Brown, G.*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation and internal quotation marks omitted).

Our Supreme Court has recently opined that "[a] petitioner's satisfaction of the newly discovered facts exception does not in any way depend upon the merits of the underlying claim." *Commonwealth v. Brown, J.*, 350 A.3d 12, 34 (Pa. 2026).  Thus, "[a] petitioner may satisfy the timeliness exception even if his or her underlying, substantive claim turns out to be meritless." *Id.*

Due diligence requires petitioners to take steps to protect their own interests within a reasonable time.  *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001).  It "entails neither perfect vigilance nor punctilious care[; ]rather[,] it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017)(citation and internal quotation marks omitted).  Thus, "[a] petitioner must explain why he could not have learned the new fact(s) earlier with the

exercise of due diligence." ***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (citation omitted).

Due diligence "does not require a defendant to make [] unreasonable assumptions." ***Commonwealth v. Davis***, 86 A.3d 883, 890-91 (Pa. Super. 2014). Thus, with respect to recantation evidence, due diligence does not require a defendant to "have assumed the Commonwealth's witnesses were committing perjury." ***Id.*** **at** 890 (emphasis omitted). ***See also Commonwealth v. Franklin***, 346 A.3d 812, 820 (Pa. Super. 2025) (concluding that where a defendant testified that he did not have any contact with the recanting witness after trial and did not learn of the recantation until an attorney contacted him 36 years later, the defendant's filing his PCRA petition within a month of receiving the attorney's information met the timeliness exception).

Accordingly, a witness's recantation may qualify as a newly-discovered fact for purposes of pleading the timeliness exception to the PCRA's time bar. ***See***, ***e.g.***, ***Commonwealth v. Medina***, 92 A.3d 1210, 1217-18 (Pa. Super. 2014) (*en banc*) (holding that the record established that defendant's second PCRA petition was not time-barred because the defendant could not have discovered the source of witness recantation or the recantation itself through due diligence in light of the witness's "unequivocal[]" and "consistent[]" trial testimony).

Most important to our analysis, our Supreme Court has recently opined that at a hearing held to determine whether a petitioner's claim meets the timeliness exception, the petitioner must prove the allegations with admissible evidence.

> If the PCRA petition warrants a hearing as to the timeliness exceptions, then the petitioner has the burden to *prove* the allegations through admissible evidence. The burden at the filing stage is only to allege or plead facts establishing an exception; the burden at the [timeliness] hearing is to prove contested, material facts through the admission of evidence.[] Based upon the plain language of Section 9545(b)(1)(ii), . . . a petitioner generally cannot establish a disputed predicate fact under Section 9545(b)(2)(ii) unless the petitioner can prove that fact at a hearing with admissible evidence.

**Brown**, 350 A.3d at 29 (emphasis in original).

In its opinion dismissing the petition, the PCRA court here opined that the "fact at issue is that the [V]ictim lied, was coached to lie, or recanted her trial testimony, etc.," and concluded, that "the evidence of the Victim lying represents a new source of a previously known fact, not a new fact previously unknown" because Appellant's defense at trial rested on the Victim's credibility. PCRA Ct. Op. at 7, 10.

We disagree with the court's analysis. A defendant's contention that a testifying witness was lying is not a "previously known fact;" it is merely an assumption that was not proven to be a fact at trial. Based on our review, we conclude that the new fact that Appellant pleaded in his counseled PCRA petition to overcome the time bar is that the Victim allegedly recanted after

telling two people, unknown to Appellant, that she had lied. Since Appellant did not know of these people until his brother told him in 2024, we conclude he met the diligence requirement.

However, as noted above, where a court holds a hearing to determine whether a petitioner has satisfied the timeliness exception, the petitioner must **prove** the predicate fact "with admissible evidence" so as to overcome the PCRA's time bar. ***Brown***, 350 A.3d at 29.

Here, the Victim did not testify at the PCRA hearing. Rather, the only evidence that Appellant presented to prove that the Victim recanted is testimony from Ms. Hardy and Mr. Middlekauff. Their testimony is inadmissible hearsay. ***See*** Pa.R.E. 801(c)(2) (defining hearsay as "a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement"). Accordingly, we conclude that while Appellant pled a newly discovered fact, he did not prove the "predicate fact" with admissible evidence. Thus, Appellant's claim does not overcome the PCRA's timeliness requirements.

Because Appellant did not overcome the PCRA's time bar, no court has jurisdiction to consider the merits of his underlying claim. We, thus, affirm the dismissal of Appellant's PCRA petition.[1]

---

[1] Where a trial court's result is correct, this Court may affirm the disposition on different grounds. ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026